| | |
|---|---|
| DANIEL CARPENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br><br>Defendant, | Civil Action No.<br>1:17-mc-91110-DPW |

**OBJECTION TO ORDER ON MOTION TO QUASH SUBPOENA**
**[Docket. No. 28]**

Daniel E. Carpenter (**"Mr. Carpenter"**) hereby objects to the *Order on Motion to Quash Subpoena*, dated July 18, 2017 (the **"July 18 Order"**) issued by the Hon. Magistrate Judge Jennifer C. Boal. In support thereof, Mr. Carpenter states as follows:

**PRELIMINARY STATEMENT**

The instant dispute was set in motion when Universitas Education, LLC (**"Universitas"**) served a subpoena (the **"Subpoena"**) on Benistar Admin Services, Inc. (**"BASI"**) for the production of documents at a location within the Southern District of New York. The Subpoena was served in an action pending in this Court, to which Mr. Carpenter is not a party, <u>Universitas Education, LLC v. Jack E. Robinson, III</u>, Case No. 1:15-cv-11848-DPW (the **"Robinson Action"**). Like Mr. Carpenter, BASI is not a party to the Robinson Action.

Mr. Carpenter filed a motion to quash (the **"Motion to Quash"**) the Subpoena after BASI notified him that BASI's server likely contains privileged communications between Mr. Carpenter and his counsel among documents responsive to the Subpoena. Mr. Carpenter does not have direct access to BASI's server, and is now caught in a Catch-22. On the one hand, until BASI reviews its server and provides Mr. Carpenter with the universe of documents that BASI

deems responsive to the Subpoena, Mr. Carpenter cannot identify privileged communications or obtain the information (names, dates, subject matter, etc.) necessary to create a log of privileged documents. On the other hand, Universitas has repeatedly stated that it will assert that Mr. Carpenter has waived his attorney-client privilege if he allows BASI to review its server for documents responsive to the Subpoena. In other words, in order to obtain the information necessary to defend the privilege, Mr. Carpenter has had to take the threshold step of seeking a court order to enable him to review the documents.

On or about April 12, 2017, the District Court for the Southern District of New York (Roman, J.) transferred this action to the District of Massachusetts. Thereafter, this Court referred the case to Magistrate Judge Boal, and a hearing on Mr. Carpenter's Motion to Quash was scheduled for June 22, 2017.

Mr. Carpenter's need to preserve attorney-client privilege cannot be overstated. Although he has been released from incarceration, there are numerous motions *sub judice* in *U.S. v. Carpenter*, 1:04-cr-10029-GAO (D. Mass.), including Mr. Carpenter's *Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody*[1] and *Motion To Vacate My Conviction And Order A New Trial Pursuant to Rule 33*.[2] There are several other active motions challenging Mr. Carpenter's conviction before Judge O'Toole.

In addition, Mr. Carpenter is now actively engaged in post-verdict motions following a bench trial concerning charges that Mr. Carpenter devised and executed a criminal scheme to defraud life insurance companies by using misrepresentations to induce them to issue high-value universal life insurance policies to straw insureds, known as "stranger-originated life insurance"

---

[1] Case. no. 1:04-cr-10029-GAO, Docket no. 496, filed May 18, 2015.
[2] Case. no. 1:04-cr-10029-GAO, Docket no. 545, filed May 20, 2016.

("STOLI") policies. *See U.S. v. Carpenter*, 190 F.Supp.3d 260 (D. Conn. 2016) (Case no. 3:13-CR-226 (RNC), June 16, 2016) (the "Connecticut Action"). Universitas, as the purported beneficiary of a STOLI policy issued on the life Sash Spencer, obtained a judgment in excess of $30 Million against Mr. Carpenter, which Universitas continues to pursue.

Indeed, among the outstanding motions in the Connecticut Action are *Defendant's Motion For Judgment Of Acquittal Pursuant to F.R. Crim. Pro. 29*[3] and *Defendant's Motion For A New Trial Pursuant to Rule 33.*[4], filed on March 15, 2017. The United States just filed pleadings in opposition to the foregoing motions on Friday, July 28, 2017.

## MAGISTRATE JUDGE BOAL'S ORDER WAS DISPOSITIVE OF ALL ISSUES PRESENTED IN THIS CASE.

1. This is one of two miscellaneous actions brought to resolve discovery disputes regarding subpoenas issued by Universitas in the Robinson Action.

2. Neither Mr. Carpenter nor BASI are parties to the Robinson Action.

3. The Motion to Quash filed by Mr. Carpenter is the entire proceeding before this Court with respect to the above-captioned action.

4. Judge Boal's July 18 Order was a dispositive order because it "'determine[d] with finality the duties of the parties' and 'seal[ed] with finality the district court proceeding and is subject to appellate review.'"[5] *See* In re: Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc., 400 F.Supp.2d 386, 389 (D. Mass. 2005) ("In this case, the government's motion to compel production of documents pursuant to a subpoena is the

---

[3] Case no. 3:13-CR-226-RNC, Docket no. 228, filed March 13, 2017.
[4] Case no. 3:13-CR-226-RNC, Docket no. 230, filed March 13, 2017.
[5] The fact that the ruling did not include the language required by L. Mag. Rule 3(b), *Dispositive Pre-Trial Motions and Prisoner Cases*, concerning reports and recommendations for dispositive rulings, as set forth in the *Rules For United States Magistrate Judges In The United States District Court For The District Of Massachusetts* does not mean that it is not dispositive in nature.

entire proceeding before this Court. The only matter for this Court to decide is whether to enforce the subpoena. As such, the decision both 'determines with finality the duties of the parties' and 'seals with finality the district court proceeding and is subject to appellate review.'").

5. As such, this objection to the July 18 Order matter is properly before this Court for *de novo* review. *Id.* ("…the Court will treat the motion as dispositive and will review the magistrate judge's findings *de novo* under 28 U.S.C. § 636(b)(1)(c).").

**I.      Magistrate Boal Should Not Have Issued An Order On Mr. Carpenter's Motion To Quash While A Motion To Dismiss For Lack Of Subject Matter Jurisdiction And A Stay Of Discovery Was Pending In The Action From Which The Subpoena Emanated.**

6. On May 26, 2017, this Court scheduled a hearing on the Motion to Quash for June 22, 2017.

7. On May 31, 2017, Jack E. Robinson (**"Mr. Robinson"**) filed *Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And To Compel Arbitration Pursuant To 9 U.S.C. § 4, And To Stay Immediately All Other Proceedings And Discovery In This And Two Related Cases Pending A Decision On This Motion* (the "**Robinson Motion to Dismiss/Stay**"), seeking dismissal of the Robinson Action for lack of subject matter jurisdiction, as well as an immediate stay of all discovery in this action. See Case No. 1:15-cv-11848-DPW; Docket nos. 113, 114.

8. Thereafter, on June 15, 2017, Mr. Robinson filed a *Motion for Continuance of June 22, 2017 Hearings* (the "**Motion for Continuance**"), seeking, *inter alia*, a continuance of the hearing on Mr. Carpenter's Motion to Quash because the Robinson Motion to Dismiss/Stay was *sub judice*.

9. On June 16, 2017, Judge Boal granted, in part, and denied, in part, the Motion for Continuance, stating that: "The Court is not inclined to grant a continuance to an 'indefinite date. The hearing scheduled for June 22, 2017 is continued until July 26, 2017 at 2:30pm. The parties should submit a status report by close of business on July 19, 2017." Docket no. 25.

10. On July 18, 2017, while the parties were preparing the court-ordered pre-hearing status report, Judge Boal abruptly denied Mr. Carpenter's Motion to Quash, without a hearing.

11. The Robinson Motion to Dismiss/Stay remains *sub judice*.

12. If the Robinson Action is dismissed, the Subpoena will no longer be of any force or effect because it will not pertain to any pending litigation.[6]

13. Furthermore, not only will the Subpoena be rendered moot if the Court grants the Motion, but the basis for Universitas's judgment against Mr. Carpenter has been potentially undermined by Judge Chatigny's findings in the Connecticut Action. More particularly, Judge Chatigny expressly found that Sash Spencer, (who named Universiatas as beneficiary of the STOLI at issue in that case), actively participated in the fraud that resulted the issuance of that life insurance policy. *U.S. v. Carpenter*, 190 F.Supp.3d 260, 292, n. 50.

---

[6] The Court certainly has discretion to stay discovery during the pendency of a motion to dismiss. *Dicenzo v. Mass. Dep't Correction, et al*, 2016 WL 158505, at *1 (D. Mass., January 13, 2016, Case No. 3:15-cv-30152-MGM) (granting stay of discovery during pendency of motion to dismiss) ("The court has broad discretion to stay discovery pending resolution of a motion to dismiss. See Landis v. North Am. Co., 299 U.S. 248, 254 (1936). '[F]ederal courts possess the inherent power to stay proceedings for prudential reasons.' *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, 'stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced.'")

14. Because the Robinson Motion to Dismiss/Stay is still pending and there is a strong federal policy favoring arbitration,[7] Judge Boal should not have ruled on Mr. Carpenter's motion unless and until this Court denied the Robinson Motion to Dismiss/Stay.

15. Moreover, privilege issues are particularly salient here. Mr. Carpenter is not a party to the Robinson Action, is presently involved in a criminal proceeding, and is also involved civil proceeding in which he is being sued by *Universitas* itself. Universitas should not be able to use collateral litigation to circumvent discovery limits in its direct action against Mr. Carpenter.

## II. It Still Would Have Been Premature To Decide Mr. Carpenter's Motion To Quash, Even If The Robinson Motion To Dismiss/Stay Had Been Decided.

16. As stated more fully in Mr. Carpenter's *Reply To Universitas Eduction, LLC's Opposition To Daniel Carpenter's Motion To Quash [Doc. Nos. 14, 15]*, dated May 30, 2017, this entire case was made necessary because Universitas is trying to leverage the Subpoena – issued in the Robinson Action – as a tool to extract the production of Mr. Carpenter's privileged communications with his counsel.

17. There can be no other reason why Universitas refused BASI's offer to review its server for documents responsive to the Subpoena, and then provide copies the responsive documents to Mr. Carpenter so that he could create a privilege log and deliver it Universitas. Had that been done, Universitas would have had BASI's production *and* Mr. Carpenter's privilege log months ago.

---

[7] "There is a strong federal policy favoring arbitration, and any doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration. *Kristian v. Comcast Corp.*, 446 F.3d 25, 35 (1st Cir. 2006) (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983))." *Melendez v. Starwood Hotels & Resorts Worldwide, Inc.* 939 F. Supp. 2d 88, 92 (D.P.R. 2013).

18. Without ever explaining why this procedure would be inappropriate, Universitas repeatedly insisted that it would only enter into a non-waiver agreement under F.R.E. 502 if Mr. Carpenter would allow BASI to hand over *to Universitas* all documents responsive to the Subpoena – including Mr. Carpenter's privileged communications with counsel.

19. In so doing, Universitas effectively precluded Mr. Carpenter from having the information necessary to create a privilege log – and then complained that no privilege log had been furnished.

20. Indeed, as briefing on Mr. Carpenter's Motion to Quash crystallized issue, it became clear that the real dispute centered around the proper method for facilitating compliance with the Subpoena and, from Mr. Carpenter's perspective, the creation of a privilege log.

21. Indeed, one need look no further than Universitas's objection to Mr. Carpenter's motion to quash, and Mr. Carpenter's reply thereto**; each submission contained a proposed order calculated to facilitate compliance with the Subpoena, which demonstrates that even Universitas recognizes that the attorney-client privilege is implicated here.** Docket no. 14-1, at 2; *See* Reply To Universitas Education, LLC's Opposition To Daniel Carpenter's Motion To Quash Docket no. 21, at 26-27. Copies of the proposed orders are attached hereto as Exhibits A and B, respectively.

22. Clearly, the draconian position taken by Universitas – that it would assert that Mr. Carpenter waived his attorney-client privilege if he allowed anyone other than Universitas to review his attorney-client communications – rendered it impossible for Mr. Carpenter to provide virtually all of the specific information referenced in the July 18 Order. Docket no. 28, at 3. More particularly, although Mr. Carpenter could have explained his relationship to BASI (past and present), without reviewing documents that

BASI first determined to be responsive to the Subpoena, Mr. Carpenter would have had no way of knowing: (a) the names of the *specific* attorneys he communicated with in the responsive documents; (b) the subject matter of those attorney-client communications (many of which could have taken a decade ago); (c) the date range of responsive documents or (d) the names of email accounts used in communications contained in the responsive documents.

23. In addition, Judge Boal misconstrued the nature of the Universitas's request for the foregoing information. That request was not made "[i]n an effort to resolve the dispute" concerning Mr. Carpenter's claim of attorney-client-privilege. Had Mr. Carpenter furnished the information Universitas had requested, Universitas still wanted BASI to produce ***all*** documents responsive to the Subpoena. Stated otherwise, Universitas made the request for specific information ***in addition to*** its demand that Mr. Carpenter enter into a F.R.E. 502(d) non-waiver agreement that would allow Universitas to review Mr. Carpenter's attorney-client communications. *See Reply To Universitas Education, LLC's Opposition To Daniel Carpenter's Motion To Quash [Doc. Nos. 14, 15]*, Docket 21 at 11-18.

III. **Magistrate Boal Should Not Have Issued An Order On Mr. Carpenter's Motion To Quash Without Conducting The Hearing That Had Been Scheduled.**

24. Mr. Robinson filed a Motion for Continuance concerning the hearing on, *inter* alia, Mr. Carpenter's Motion to Quash, and Judge Boal granted the continuance one day later, before any other parties could be heard on that matter. (Indeed, Universitas actually filed its opposition to the Motion for Continuance *after* the motion had been decided.)

25. When Judge Boal granted, in part, and denied, in part, the Motion for Continuance, stating that: "The Court is not inclined to grant a continuance to an 'indefinite date. The

hearing scheduled for June 22, 2017 is continued until July 26, 2017 at 2:30pm. The parties should submit a status report by close of business on July 19, 2017,"[8] Mr. Carpenter reasonably believed that he would have an opportunity to be heard on his Motion to Quash.

26. More importantly, Mr. Carpenter intended to make an offer of proof at the hearing concerning the critical nature of his communications with counsel over a period of years – irrespective of the specific communications that BASI might consider responsive to the Subpoena.

27. Finally, in light of the parties' respective submissions of competing, proposed F.R.E. 502(d) orders, Mr. Carpenter expected that he would have an opportunity at the hearing to work with the Court and Universitas in fashioning a process for reviewing ESI on BASI's computer that would allow Mr. Carpenter to take the reasonable step of accessing the documents in order to create a privilege log, without which he lacks the necessary information to vindicate the privilege.

---

[8] Docket no. 25.

**FOR ALL OF THE FOREGOING REASONS,** Mr. Carpenter respectfully objects to the July 18 Order.

Respectfully submitted this 31st day of July, 2017

<div style="margin-left:40%;">

MOVANT
DANIEL CARPENTER

By: /s/ Martin P. Desmery
PARTRIDGE SNOW & HAHN LLP
Martin P. Desmery (BBO # 550133)
Partridge Snow & Hahn LLP
30 Federal Street
Boston, MA 02110
(617) 292-7900
(617) 292-7910 FAX
mdesmery@psh.com

and

By: /s/ Lawrence S. Grossman
Lawrence S. Grossman, Esq. (LG-5545)
HURWITZ SAGARIN SLOSSBERG
   & KNUFF, LLC
147 North Broad Street, P.O. Box 112
Milford, CT 06460-0112
Phone:  203-877-8000
Fax: 203-878-9800
E-mail:  lgrossman@hssklaw.com

</div>

## CERTIFICATE OF SERVICE

I, Martin P. Desmery, hereby certify that the foregoing Objection To Order On Motion To Quash Subpoena [Docket. No. 28] filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated and non-registered participants, if any, on July 31, 2017.

/s/ Martin P. Desmery
Martin P. Desmery

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL CARPENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br><br>Defendant. | Civil Action No.<br>1:17-mc-91110-DPW |

### **RULE 502(d) ORDER**

1.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.     Nothing contained herein is intended to or shall serve a limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

SO ORDERED.

Dated:  Boston, Massachusetts

_____
Date

_____
Judge Douglas P. Woodlock

Copies **by ECF** to:     All Counsel

2132443.1

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL CARPENTER, <br><br> Plaintiff, <br><br> v. <br> UNIVERSITAS EDUCATION, LLC, <br><br> Defendant, | Civil Action No. <br> 1:17-mc-91110-DPW |

## RULE 502(d) ORDER

1.     The review, by Benistar Admin Services, Inc. ("BASI"), of emails and other documents on its computer server including the review of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the attorney-client privilege, work-product privilege or protection from discovery on the part of Daniel Carpenter in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.     Nothing contained herein is intended to or shall serve to limit Daniel Carpenter's right to conduct a review of responsive documents, ESI or information (including metadata)

identified by BASI, for segregation of privileged and/or protected information before production by BASI to Universitas Education, LLC.

     SO ORDERED.

Dated:  Boston, Massachusetts

_____

Date


                                      _____

                                      Judge Douglas P. Woodlock

Copies **by ECF** to:  All Counsel

2016 WL 158505
Only the Westlaw citation is currently available.
Only the Westlaw citation is currently available.
United States District Court,
D. Massachusetts.

Michael J. Dicenzo, Plaintiff
v.
Massachusetts Department of Correction, et al.,
Defendants.

Case No. 3:15-cv-30152-MGM
|
Signed 01/13/2016

**Attorneys and Law Firms**

Michael J. Dicenzo, West Concord, MA, pro se.

Steven J. Masse, Massachusetts Department of
Correction, George J. Puddister, Koufman & Frederick,
LLP, Boston, MA, for Defendants.

MEMORANDUM AND ORDER REGARDING
DEFENDANT MASSACHUSETTS PARTNERSHIP
FOR CORRECTIONAL HEALTHCARE'S MOTION
TO STAY DISCOVERY AND DEFENDANT
MASSACHUSETTS DEPARTMENT OF
CORRECTION'S CROSS MOTION FOR A
PROTECTIVE ORDER AND MOTION TO STAY
DISCOVERY AND PLAINTIFF'S MOTION FOR
LEAVE TO CONDUCT DEPOSITIONS AND
MOTIONS TO COMPEL DISCOVERY (Dkt. Nos. 28,
30, 33, 35, 36, 43)

Robertson, M.J.

I. Introduction

**\*1** Referred to this court for decision are: (1) motions of
Defendants Massachusetts Department of Correction
("DOC") and Massachusetts Partnership for Correctional
Healthcare ("MPCH") (collectively, "Defendants") to stay
discovery until the resolution of their separately pending
motions to dismiss under Fed. R. Civ. P. 12(b)(6); and (2)
motions of Plaintiff to take depositions and to compel
discovery. For the reasons stated below, Defendants'

motions to stay discovery are GRANTED, and Plaintiff's
discovery motions are DENIED without prejudice,
pending rulings on dispositive motions filed by the
parties.

II. Relevant Background

On August 25, 2015, Plaintiff, a prisoner, filed this action
*pro se* against DOC and MPCH. Plaintiff claims that he is
entitled to relief under Mass. Gen. Laws ch. 258, § 4
(Massachusetts Tort Claims Act), Mass. Gen. Laws ch.
249, § 4 (action for certiorari review), Mass. Gen. Laws
ch. 12, §§ 11H & 11I (Massachusetts Civil Rights law),
42 U.S.C. §§ 1983 and 1988, and U. S. Const., amend.
VIII based on Defendants' alleged failures to hold a
six-month reclassification hearing, to submit his name for
enrollment in the Hampden County house of correction
"stepdown program," and to provide requested medical
treatment (Dkt. No. 1). On September 17, 2015, Plaintiff
amended the complaint to reflect that the six-month
reclassification hearing was held in July 2015 (Dkt. No.
7).

Both Defendants have moved to dismiss for failure to
state a claim (Dkt. Nos. 25, 31). Plaintiff has filed an
opposition to DOC's motion (Dkt. No. 29), and a separate
motion for summary judgment (Dkt. No. 38).

On December 21, 2015, Plaintiff moved for leave to
depose numerous individual employees of state agencies,
including, but not limited to, DOC Commissioner Carol
Higgins-O'Brien, MPCH Director Dr. Thomas
Groblewski, and the agencies' legal counsel (Dkt. No.
28). On December 28, 2015, Plaintiff moved to compel
MPCH to produce "all medical and mental health
records," and to compel DOC to produce "all documents/
records/ information entered into [DOC's] IMS Database"
pertaining to him (Dkt. No. 30). On December 28, 2015,
MPCH moved to stay all discovery pertaining to it,
pending resolution of its motion to dismiss (Dkt. No. 33).
On the same date, DOC opposed Plaintiff's motion to
depose DOC officials and moved for a protective order
staying all discovery in this matter, pending resolution of
its motion to dismiss (Dkt. No. 35). On December 30,
2015, Plaintiff moved to compel DOC to produce the
"Objective Classification Operations Training Manual"
(Dkt. No. 36), and supplemented his opposition to DOC's
motion to dismiss (Dkt. No. 37). Plaintiff moved for
summary judgment on the following day (Dkt. No. 38).
On January 7, 2016, Plaintiff moved to compel DOC to
provide "all [his] GTL phone recordings" at two DOC
facilities from June 18, 2014 to the present (Dkt. No. 43).

### III. Standard

The court has broad discretion to stay discovery pending resolution of a motion to dismiss. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v. Premier Holidays Intern., Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted). However, "stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992). The moving party bears the burden of showing good cause and reasonableness for a stay of discovery, which is akin to a protective order under Fed. R. Civ. P. 26(c)(1). *See Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988).

### IV. Discussion

**\*2** All parties have filed dispositive motions, which are currently pending before the court (Dkt. Nos. 25, 31, 38). At the same time, Plaintiff has filed a number of discovery motions, including a motion to depose approximately twenty high ranking DOC officials, the director of MPCH, and the agencies' legal counsel (Dkt. Nos. 28, 30, 36, 43). Defendants have adequately demonstrated that responding to Plaintiff's discovery motions will be time consuming and costly. *See* Fed. R. Civ. P. 26(c)(1). After weighing the parties' competing interests, including the relatively brief delay in Plaintiff's receipt of discovery if Defendants' dispositive motions are denied, the court has determined that good cause exists to stay discovery pending the resolution of the parties' dispositive motions. *See, e.g., See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (holding that a plaintiff is not entitled to discovery prior to the court ruling on a motion to dismiss for failure to state a claim); *Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2000) (holding that the district court did not abuse its discretion in ruling on a police officer's motion for summary judgment before granting the plaintiff leave to depose the victim and arresting officers); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined").

### V. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Defendants' motions to stay discovery (Dkt. Nos. 33 and 35) are GRANTED, and Plaintiff's discovery motions (Dkt. Nos. 28, 30, 36, 43) are DENIED without prejudice, pending rulings on the parties' dispositive motions.

So ordered.

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 158505

---

End of Document

© 2017 Thomson Reuters. No claim to original U.S. Government Works.