UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL CARPENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br><br>Defendant. | Civil Action No.<br>1:17-mc-91110-DPW |

## UNIVERSITAS EDUCATION, LLC'S RESPONSE AND MEMORANDUM IN OPPOSITION TO CARPENTER OBJECTION TO MAGISTRATE JUDGE BOAL'S ORDER ON MOTION TO QUASH SUBPOENA

Universitas Education, LLC ("**Universitas**") respectfully submits this Response and Memorandum in Opposition to nonparty Daniel Carpenter's ("**Carpenter**") Objection to Magistrate Judge Boal's Order denying his motion to quash Universitas' subpoena (the "**BASI Subpoena**") to third party Benistar Admin Services, Inc. ("**BASI**"), in the case before this Court known as Universitas v. Robinson, docket No. 1:15-cv-11848-DPW (the "**Robinson Action**").

### STATEMENT OF FACTS

On March 3, 2017, Universitas served the BASI Subpoena at BASI's offices and also with BASI's registered agent in Wilmington, Delaware. (*See* copy of BASI Subpoena at Docket No. 2, Page 8 of 59 to Page 32 of 59.) The BASI Subpoena sought the production of documents on or before March 20, 2017. *Id.*

On March 20, 2017, Carpenter filed a motion to quash the BASI Subpoena in the United States District Court for the Southern District of New York ("SDNY"). (Docket Nos. 1 and 2.). In support of his motion, Carpenter filed a two-page brief, without any supporting affidavit, claiming, in a conclusory and vague fashion, that BASI should not produce responsive documents to Universitas because the BASI Subpoena "improperly seek[s] the production of

documents and communications that may contain privileged attorney-client communications between and among Mr. Carpenter and attorneys providing legal advice to him." (Docket No. 2, opening paragraph.). On April 12, 2017, at a hearing conducted by Judge Román, the SDNY transferred Carpenter's motion to quash to this Court, pursuant to Fed. R. Civ. P. 45(f). (*See* Docket No. 9.)

The discovery dispute was referred to Magistrate Judge Boal on May 25, 2017. Docket No. 20. After review of the parties' submissions, Judge Boal denied Carpenter's motion to quash by Order dated July 18, 2017 (the "Order"). Carpenter filed his objection to the Order on July 31, 2017 pursuant to 28 U.S.C. § 636(b)(1).[1]

## ARGUMENT

### I. STANDARD OF REVIEW

A pretrial discovery motion, such as a motion to quash a subpoena, is a non-dispositive pretrial motion that may be reconsidered by the District Court only upon a showing that it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(a)(B)(1)(A); Fed.R.Civ.P. 72(a); s*ee also Garcia v. E.J. Amusements of N.H., Inc.,* 89 F.Supp.3d 211, 214 (D.Mass. 2015). "Under the 'clearly erroneous' standard, the Court will accept the magistrate judge's findings of fact and conclusions drawn therefrom unless 'after scrutinizing the entire record, we form a strong, unyielding belief that a mistake has been made.'" *Garcia,* 89 F. Supp.3d at 214 (*quoting Phinney v. Wentworth Douglas Hosp.,* 199 F.3d 1, 4 (1st Cir. 2010)). If, however, the motion is dispositive, as Carpenter argues, the Order is subject to *de novo* review under Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1)(B).

---

[1] As discussed below, Universitas submits that the objection should be considered pursuant to 28 U.S.C. § 636(b)(1)(A). That said, even if the Court applies a *de novo* review standard pursuant to 636(b)(1)(B), Judge Boal's decision should be affirmed.

2

Carpenter contends that the Court should review Judge Boal's decision, *de novo*, claiming that the motion to quash is dispositive of the subpoena, based on cases involving administrative subpoenas that were not part of a larger case in the district court. *See In re Admin. Subpoena Blue Cross Blue Shield of Mass., Inc.*, 400 F.Supp.2d 386, 388-89 (D. Mass. 2005) (holding a motion to compel compliance with an administrative subpoena issued by the government was a dispositive motion subject to *de novo* review under §636(b)(1)(C)).[2]

As an initial matter, BASI was also a party to the proceedings before Judge Boal, having appeared in this case (represented by attorney Daniel LaBelle, who receives ECF notice of all filings) [*see* Docket]. Thus, even if Carpenter were correct (and he is not), the issues surrounding the BASI subpoena have not yet been fully and finally resolved, since BASI, a party to this proceeding, still has not produced the subpoenaed documents.[3] Furthermore, Section 636 evinces a clear intent that the "clearly erroneous" standard apply to discovery disputes; the standard employed by the Court should not differ depending on whether a subpoena issued in the Robinson Action is served in this District or in another District. See *Feist v. RCN Corp.*, 2012 U.S. Dist. LEXIS 144190 (N.D. Cal. Oct. 4, 2012) (finding "no reason why a motion to quash discovery that is referred to magistrate judge under 28 U.S.C. § 636(b)(1) should be reviewed under a different standard simply because the discovery is sought in a district other than the one where the underlying case is pending"); *Cognate BioServices, Inc. v. Smith*, 2015 U.S. Dist.

---

[2] *Compare* (*Ross v. Pioneer Life Ins. Co.*, 2007 U.S. Dist. LEXIS 85406 *6-12 (N.D. Okla. Nov. 16, 2007) (*de novo* review applied on a motion to quash a subpoena in a case commenced solely for purposes of subpoena enforcement) with *Feist v. RCN Corp.*, 2012 U.S. Dist. LEXIS 144190 (N.D. Cal. Oct. 4, 2012); *In re Out of Dist. Subpoena*, U.S. Dist. LEXIS 67909 (W.D.Mich. Sept. 8, 2008) (magistrate judge's order on motion to quash reviewed under a clear error standard).

[3] BASI refuses to produce any documents while Carpenter and Robinson are employing their "tag team" efforts to delay and avoid discovery, on the pretext that it need not comply with the subpoena while Carpenter's objection is pending, despite the fact that there has been no stay of Judge Boal's Order and no stay of discovery in the principal case between Universitas and Robinson. Universitas anticipates it will be necessary to file a Motion to seek an order requiring BASI to comply with the subpoena in question, yet another exercise in obtaining documents that were subpoenaed in March 2017.

LEXIS 32842, * 21-22, n. 19 (D. Md. March 17, 2015) ("closing a case that commenced on a motion to compel is not a dispositive ruling"); *In re Out of Dist. Subpoena,* U.S. Dist. LEXIS 67909 (W.D. Mich. Sept. 8, 2008). Finally, as discussed herein, Judge Boal's Order should be affirmed under either standard.

## II. JUDGE BOAL CORRECTLY DENIED CARPENTER'S INSUFFICIENT MOTION TO QUASH

### 1. Carpenter Failed to Meet His Burden to Establish the Attorney-Client Privilege

Judge Boal correctly stated that "[i]n a discovery dispute, the burden to establish an applicable privilege (and that such privilege has not been waived) rests with the party resisting discovery." *FDIC v. Ogden Corp.,* 202 F.3d 454, 460 (1st Cir. 2000) (*citing United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 473 (2d Cir. 1996)); *see also CSX Transp., Inc. v. ABC&D Recycling, Inc.,* No. 11-30268-FDS, 2016 U.S. Dist. LEXIS 152664, at *812 (D. Mass. Nov. 3, 2016) (internal quotations and citation omitted); *see also Vicor Corp. v. Vigilant Ins. Co.,* 674 F.3d 1, 17 (1st Cir. Mass. 2012) ("'The party asserting the attorney-client or work product privilege bears the burden of showing that the privilege applies.'") (*citing Hanover Ins. Co. v. Rapo & Jensen Ins. Servs., Inc.,* 449 Mass. 609, 870 N.E.2d 1105, 1114 (Mass. 2007)). *See also* Fed. R. Civ. P. 45(e)(2)(duties of a person claiming privilege).

The <u>entirety</u> of Carpenter's argument for quashing Universitas' subpoena in his two-page conclusory brief is that (1) BASI owns the computer servers on which Carpenter has one or more email accounts, (2) Carpenter used those email accounts to communicate with unidentified attorneys and to obtain legal advice, and (3) Carpenter maintained a reasonable expectation of privacy in the subject email accounts and sought to preserve the privilege of attorney-client communications on those accounts. (Docket No. 2 at ¶¶ 5-8.) No further identifying details are

provided from which Universitas, or this Court, could glean the parameters of Carpenter's purported attorney-client privilege claim.

Judge Boal properly concluded that Carpenter's bald allegations of privilege and expectation of privacy, unsupported by affidavit, are both "factually and legally insufficient." See Order, p. 3.  Specifically, Judge Boal noted that Carpenter "has not provided the names of the attorneys, the subject matter of the communications, a date range, the names of the email accounts, or any explanation of his relationship to BASI." See Order, p. 3.  Judge Boal properly held that Carpenter's assertion that he does not have access to the BASI server does not excuse him from providing basic information – including the names of the email accounts, the names of the lawyers and a time frame – regarding the scope of his privilege claim.  Carpenter's failure to provide even the most basic information concerning his privilege claim falls far short of his affirmative obligation to establish the existence and scope of the attorney-client privilege.[4] *See e.g. United States v. Constr. Prods. Research*, 73 F.3d 464, 474 (2d Cir. 1996) ("The descriptions and comments simply do not provide enough information to support the privilege claim, particularly in the glaring absence of any supporting affidavits or other documentation."); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-04394 (AJN)(BCM), 2016 U.S. Dist. LEXIS 66741, at *13-14 (S.D.N.Y. May 20, 2016) ("[O]nce court intervention is requested, the party resisting discovery must submit evidence, by way of affidavit, deposition testimony or otherwise, establishing only the challenged elements of the applicable privilege or protection, with the ultimate burden of proof resting with the party asserting the privilege or protection....

---

[4] Indeed, the failure to support his privilege claim with any facts or affidavit, even when specifically requested by Universitas, demonstrates the motion is merely designed to stonewall and delay discovery concerning Robinson's participation in Carpenter's scheme to defraud Universitas of $30 million.  Carpenter has already substantially delayed clearly relevant discovery, as has Robinson.  More than four months ago, Universitas served the subpoena on BASI seeking production of documents.  To date, a minimal response has been received, and Carpenter, Robinson, and BASI continue their joint efforts to delay the BASI production.

5

This burden can be met only by an evidentiary showing based on competent evidence … and cannot be 'discharged by mere conclusory or *ipse dixit* assertions.'") (internal quotations and citations omitted) (collecting cases).

Additionally, Judge Boal correctly held that Carpenter's failure to provide the Court with information necessary to analyze whether he had a reasonable expectation of privacy in the email accounts to preserve the privilege further supported denial of the motion to quash. See Order p. 4 (*citing In re Asia Glob. Crossing, Ltd.*, 322 B.R. 247, 257 (Bankr. S.D.N.Y. 2005). Indeed, this Court has held that "*even in the absence* of a company e-mail policy, plaintiffs would not have had a reasonable expectation of privacy in their work e-mail," observing that "any reasonable expectation of privacy was lost" once communication was made "over an email system which was apparently utilized by the entire company…" *Garrity v. John Hancock Mut. Life Ins. Co.*, No. 00-12143-RWZ, 2002 U.S. Dist. LEXIS 8343, at *4-5 (D. Mass. May 7, 2002) (emphasis in original; internal quotations and citation omitted). Thus, any purported attorney-client privilege was lost the moment Carpenter chose to use a third party's email server, accessible to BASI company wide, to exchange purported attorney-client communications. No attorney-client privilege can attach to any such purported communications, and Carpenter did not cite any cases in support of his baseless position. Accordingly, this Court should affirm Judge Boal's determination that Carpenter "failed to meet his burden of establishing attorney-client privilege with respect to emails stored on BASI's server." Carpenter's objection to the Order should therefore be overruled.

### 2. Judge Boal's Order Was Not Premature

Carpenter's objection to the Order on grounds that it was "premature" as a result of the pending Robinson Motion to Compel Arbitration is without merit, and it is apparent that

6

Carpenter and Robinson are coordinating their filing in an effort to obstruct (with BASI's cooperation) Universitas' efforts to obtain discovery from BASI. That objection is frivolous and is little more than a back door and untimely appeal of Judge Boal's determination, on June 16, 2017, to decline give Robinson the indefinite and unlimited continuance sought in his Motion to Continue (a motion which is clearly subject to the Court's sound discretion).[5] *See* Docket Nos. 24, 25, 26. No stay of discovery has been entered in the Robinson Action and there has been no determination by this Court of Robinson's Motion to Compel Arbitration.[6] Indeed, the Local Rules for United States Magistrates Judges clearly provides that pending determination of the Carpenter Objection of Judge Boal's decision, there is no stay of discovery. *See* Local Rule U.S. Magistrate Judges, Rule 2(c) ("the filing of objections under subsection (b) hereof does not operate as a stay of a magistrate judge's ruling or order unless so ordered by the magistrate judge or a district judge, and then only to the extent specifically ordered by the magistrate judge or district judge."). Carpenter has not provided any support for his objection that the Order is premature because it was entered while Robinson's motions to dismiss and stay discovery in the underlying action were pending. Moreover, as explained in Universitas' Opposition to Robinson's Motion for Continuance of June 22, 2017 Hearings (Docket No. 26), Universitas urgently needs the BASI documents in order to proceed with discovery in the Robinson action. The case is more than two years old, the first discovery deadline was extended, and the current discovery deadline of August 14, 2017, is already upon the parties, with no progress in obtaining BASI's compliance with the March, 2017 subpoenas served upon BASI. There is no just cause

---

[5] Robinson, for his part, has declined to participate in discovery while his Motion to Compel Arbitration is pending, regardless of whether the Court allow or denies the Motion (claiming – in a "heads I win, tails you lose" argument – that he will appeal denial, which he contends will also stay discovery).

[6] In addition to opposing Robinson's motion on the merits, Universitas has filed a Rule 11 Motion to strike on grounds that the Motion to Compel Arbitration is frivolous, is brought for delay, and/or is not brought in good faith. See Docket Nos. 123, 124 and 125 in the Robinson Action.

7

for allowing Robinson (with Carpenter's support) to continue to delay discovery, in an effort to unfairly prejudice and delay Universitas' enforcement of the subpoena to BASI. The motion was fully briefed and ripe for determination by Judge Boal and Carpenter's contention that the Order was "premature" is without merit.

Finally, Carpenter contends the Order is defective because it was entered on the papers and without a hearing. Hearings are not mandatory; the determination of whether the Court will conduct a hearing is solely within the sound discretion of Judge Boal. As Judge Boal notes in her Order, Carpenter clearly failed to make the necessary showing to quash the BASI subpoena. Oral argument would not have changed the fact that there was no submission, by Affidavit (or Declaration), of sufficient facts to support the Motion to Quash. Carpenter had an opportunity to present his position in both his opening briefs and in his reply brief, and chose not to do so. Carpenter's *post hoc* claim that he was going to make an offer of proof at the hearing is unsupported by affidavit and was untimely.[7] Carpenter has provided no explanation – in the papers he submitted to Judge Boal or in his objection to this Court - for why he purportedly has "no way of knowing" what attorneys he communicated with over BASI's server or what email addresses he used to communicate with attorneys without looking at the documents BASI deems responsive to the subpoena.

Where Carpenter's motion papers and reply papers lack supporting affidavits or basic information sufficient to carry his burden to demonstrate the scope and basis of his privilege claim, Judge Boal did not err in denying his motion to quash without a hearing. *See Thomas & Betts Corp. v. New Albertson's, Inc.*, No. 10-11947-DPW, 2014 U.S. Dist. LEXIS 186918, at *19 (D. Mass. July 21, 2014) ("'A failure by the party claiming privilege to adequately describe

---

[7] Apparently Carpenter feels that he should have been allowed to ambush Universitas at the hearing on his Motion to Quash and to present new facts that had not been submitted in any of his filings. In any event, absent an Affidavit or Declaration, an "offer of proof" would have been inadequate as a matter of law.

8

the documents at issue, to sufficiently explain the basis for the privilege, or to assert the privilege in a timely manner, may be grounds for rejecting the claim.'") (*quoting Corvello v. New England Gas Co., Inc.*, 243 F.R.D. 28, 33 (D.R.I. 2007)). Accordingly, Carpenter's objection to the Order on grounds that a hearing was not conducted should be overruled.

## **CONCLUSION**

For the foregoing reasons, the Order denying Carpenter's Motion to Quash should be sustained and affirmed.

Respectfully submitted this 9th day of August, 2017.

                UNIVERSITAS EDUCATION, LLC,

                By its Attorneys,
                RIEMER & BRAUNSTEIN LLP

                By: */s/ Paul S. Samson*
                    Paul S. Samson, Esq., BBO No. 4404160
                    Three Center Plaza
                    Boston, Massachusetts 02108
                    (617) 880-3555
                    psamson@riemerlaw.com

                          -and-

                    Paula K. Colbath, Esq. (admitted *pro hac vice*)
                    Leily Lashkari, Esq. (admitted *pro hac vice*)
                    LOEB & LOEB LLP
                    345 Park Avenue
                    New York, New York 10017
                    (212) 407-4905
                    pcolbath@loeb.com

                *Attorneys for Universitas Education, LLC*

## CERTIFICATE OF SERVICE

I, Paul S. Samson, hereby certify that the foregoing Opposition and Memorandum in Opposition to Carpenter's Motion to Quash filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated and non-registered participants, if any, on August 9, 2017.

/s/ *Paul S. Samson*
Paul S. Samson

2173726.4