UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL CARPENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br><br>Defendant, | Civil Action No.<br>1:17-mc-91110-DPW |

**DECLARATION OF LAWRENCE S. GROSSMAN, ESQ.**

I, **Lawrence S. Grossman**, make this Declaration pursuant to 11 U.S.C. § 1746, and state as follows:

1. I am a partner at the law firm of Hurwitz, Sagarin, Slossberg & Knuff, LLC and am counsel of record for Daniel E. Carpenter ("**Mr. Carpenter**") in this action.

2. Attached hereto as **Exhibit A** is a true and accurate copy of a Notice of Deposition of Mr. Carpenter in the action known as *Universitas Education, LLC, v. Nova Group, Inc., As Trustee, Sponsor And Fiduciary Of The Charter Oak Trust Welfare Benefit Plan*, Case No. 1:11-CV-1590-LTS-HBP (S.D.N.Y.), which was sent to me via email by Universitas on February 16, 2017.

3. Attached hereto as **Exhibit B** is a true and accurate copy of a Notice of Deposition of Mr. Carpenter in the action known as Universitas Education, LLC v. Jack E. Robinson, III, Case No. 1:15-cv-11848-DPW (the **"Robinson Action"**), which was sent to me via email by Universitas on February 16, 2017.

4.     Attached hereto as **Exhibit C** is a true and accurate of a subpoena (the "**Subpoena**") issued by Universitas Education, LLC ("**Universitas**") commanding Benistar Admin Services, LLC ("**BASI**") to produce documents to Universitas in New York State, which was sent to me via email by Universitas on March 6, 2017.

5.     Because BASI was not included in the email I received from Universitas that contained the Subpoena, on March 7, 2017, I sent an email with copies of the Subpoena, along with a copy of another subpoena compelling the production of documents by BASI's counsel, Halloran & Sage, LLP, to Daniel E. LaBelle ("**Attorney LaBelle**") of Halloran & Sage.

6.     Shortly thereafter, Attorney LaBelle informed me that BASI's computer server likely contains, among other documents responsive to the Subpoena, emails with Mr. Carpenter's privileged communications with his counsel.

7.     Immediately after learning that Mr. Carpenter's privileged communications with counsel were contained on BASI's server and would be responsive to document requests contained in the Subpoena, I shared this information with Mr. Carpenter.

8.     Mr. Carpenter directed me to confer with Paula Colbath, Esq. ("**Attorney Colbath**"), counsel to Universitas, and Attorney LaBelle, in order to develop an agreement that would facilitate the production of documents by BASI without Mr. Carpenter's attorney-client privilege.

9.     Mr. Carpenter authorized me to offer the following procedure: (a) BASI would review all of the documents on the BASI server and compile all documents responsive to the Subpoena; (b) BASI would then allow Mr. Carpenter's counsel to review the universe of potentially responsive documents and remove privileged documents; (c) Mr. Carpenter's counsel

would then prepare a privilege log and deliver it to Universitas; and (d) BASI would produce all responsive, non-privileged documents to Universitas.

10. Attorney LaBelle, on behalf of BASI, agreed with Mr. Carpenter's proposal, except that Attorney LaBelle suggested that he would review all documents for responsiveness, and would: (a) produce all non-privileged documents to Universitas, and (b) provide potentially privileged documents to Mr. Carpenter's counsel for privilege review and creation of a privilege log.

11. Neither Mr. Carpenter's proposal nor BASI's proposal were acceptable to Universitas. Attorney Colbath, on behalf of Universitas, refused to accept the procedure for document review and production set forth above. Instead, Attorney Colbath stated that she would only agree to a process that would force BASI to produce all of Mr. Carpenter's attorney-client communications to Universitas, subject to a consent order under F.R.E. 502(d) that would deem such production a non-waiver of privilege by Mr. Carpenter.

12. In addition, Attorney Colbath stated that if Attorney LaBelle, acting on behalf of BASI, reviewed documents on BASI's server in response to the Subpoena, Universitas would assert that such a review would constitute a waiver of Mr. Carpenter's attorney-client privilege concerning any documents located on BASI's server.

13. Attached hereto as **Exhibit D** is a true and accurate copy of a series of email exchanges, (beginning on March 30, 2017 at 12:33 p.m. and concluding on April 2, 2017 at 7:19 p.m.), between Attorney Colbath and myself. Attorney LaBelle was among the lawyers who was copied on each of these email communications.

14. My April 3, 2017, 7:19 p.m. email to Attorney Colbath, which is included as part of Exhibit D, clearly sets forth the offer extended to Universitas, as well as Universitas' refusal

3

to agree to any discovery procedure that would not allow Universitas to review Mr. Carpenter's privileged email communications with his counsel.

15. Attached hereto as **Exhibit E** is a true and accurate copy of a series of email exchanges, (beginning on March 30, 2017 at 12:33 p.m. and concluding on April 2, 2017 at 7:19 p.m.), between Attorney Colbath and myself. Attorney LaBelle was among the lawyers who was copied on each of these email communications.

16. The email communications dated April 6, 2017 on Exhibit E make clear that Mr. Carpenter was, in good faith, trying to work with Universitas in resolving issues related to his motion to quash the Subpoena, while Universitas remained resolute in its demand for the production of Mr. Carpenter's email communications with his counsel.

Signed, under penalty of perjury, this __6th__ day of __September__, 2017

_____
Lawrence S. Grossman