UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL CARPENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITAS EDUCATION, LLC,<br><br>Defendant, | Civil Action No.<br>1:17-mc-91110-DPW |

## DECLARATION OF DANIEL E. CARPENTER

I, **Daniel E. Carpenter**, make this Declaration pursuant to 11 U.S.C. § 1746, and state as follows:

1. I am currently the defendant in a criminal case that has been pending in front of the Honorable Judge George A. O'Toole since 2004.

2. Currently pending in front of Judge O'Toole are several motions to vacate my conviction in 2014, including my Petition to vacate my conviction pursuant to 28 U.S.C. § 2255.

3. Prior to my indictment in February of 2004, I resigned from any and all positions that I had with various entities affiliated with the Benistar family of companies.

4. I am not a party to Universitas Education, LLC v. Jack E. Robinson, III, Case No. 1:15-cv-11848-DPW (the **"Robinson Action"**), and my only interest in those proceedings is to protect and preserve my attorney-client privilege from overly intrusive discovery.

5. Until about 1997, a company that I controlled, Benistar Group, Ltd., owned Benistar Admin Services, Inc. (**"BASI"**). In 1997, BASI was spun-off and has been 100% owned by its employees through an ESOP (Employee Stock Ownership Plan) ever since.

6. Neither my wife, Molly Carpenter, nor I own stock in BASI.

7. My wife has been the Chairperson of BASI since 1997.

8. In 2002, when BASI relocated to office space in a building owned by my company, Grist Mill Partners, LLC, I was given access to a computer on BASI's server and was allowed to send and receive electronic mail through BASI's server. However, I have not had access to BASI's server since I began my term of incarceration on June 20, 2014.

9. To the best of my knowledge, BASI did not maintain a policy banning personal use of its computers or emails, nor did it monitor the use of its computer or email. If BASI ever had such a policy, I was not aware of it.

10. To the best of my knowledge, third-parties did not have access to BASI's computers or emails, especially insofar as BASI maintained "protected health information," as that term is defined in the Code of Federal Regulations ("CFR"), 45 C.F.R. § 160.103, within its computer records. As a leading third-party administrator of health insurance plans, BASI must keep its files private under HIPAA, the Health Insurance Portability and Accountability Act of 1996.

11. Because I was involved in numerous business ventures at that time, I estimate that I had between 15 and 20 separate email addresses that I might have used to send or receive email communications during this period, although I generally used only 6-7 "main" email addresses.

12. At this time, and without having my recollection refreshed, I can recall some, but not all, of the email addresses that I used during this time period.

13. Since 2004, I have been a party to various legal actions, both civil and criminal, most notably the case before Judge O'Toole and another criminal case before the Honorable Robert Chatigny in Connecticut, *U.S. v. Carpenter*, case no. 3:13-CR-226 (RNC).

14. As a result, I have had to engage the services of approximately 40-50 lawyers, many of whom are known to this Court, such as Alan Dershowitz and Martin Weinberg.

15. In addition, I would frequently communicate directly with lawyers who were assisting the "lead" lawyer or lawyers working on each of my cases.

16. During the course of representing me, some of these lawyers changed law firms, and a few changed firms more than once.

17. At this time, without having my recollection refreshed, I could recall the names of most of these lawyers, but certainly not all of them.

18. In addition, without having my memory refreshed, I could not recall all of the email addresses used by every lawyer that has rendered services on my behalf.

19. Earlier this year, I was informed that Universitas Education, LLC ("**Universitas**") had served BASI with a subpoena (the "**Subpoena**") requiring the production of documents in the Robinson Action.

20. I have been engaged in litigation with Universitas for almost a decade. *See Universitas Education, LLC, v.. Nova Group, Inc., As Trustee, Sponsor And Fiduciary Of The Charter Oak Trust Welfare Benefit Plan*, Case No. 1:11-CV-1590-LTS-HBP (S.D.N.Y.); and *The Penn Mutual Life Insurance Company v. Kathy Kehoe et al.*, Consolidated Case No. 15-CV-01111 (S.D.N.Y.), and was subpoenaed by Universitas for depositions in both *The Penn Mutual Life Ins. Co. v. Kehoe* action and in the Robinson Action earlier this year.[1]

21. On March 7, 2017, my counsel forwarded a copy of the Subpoena to me.

22. I was not concerned about the Subpoena until I learned that BASI's counsel informed my attorney that he had reason to believe that my privileged email communications

---

[1] Mr. Carpenter was also deposed by Universitas, on April 13, 2016, in *The Penn Mutual Life Insurance Company v. Kathy Kehoe et al.*

with counsel would likely be among the documents that BASI would deem responsive to the Subpoena.

23. Once I learned that at least some of my attorney-client communications would likely be among documents that BASI would otherwise produce as responsive to the Subpoena, I directed my counsel to confer with attorneys for BASI and Universitas and try to agree upon a process that would facilitate the production to Universitas without waiving my attorney-client privilege.

24. In so doing, I authorized my counsel to offer the following procedure: (a) BASI would review all of the documents on the BASI server and compile all documents responsive to the Subpoena; (b) BASI would then allow my counsel to review the universe of potentially responsive documents and remove privileged documents; (c) my counsel would then prepare a privilege log and deliver it to Universitas; and (d) BASI would produce all responsive, non-privileged documents to Universitas.

25. It was my expectation that this procedure would result in the timely production of documents to Universitas and allow my counsel and counsel to Universitas to address privilege issues.

26. I have never sought to delay or wrongfully prevent BASI's production of documents to Universitas in this action, nor have I colluded with Mr. Robinson or BASI to obstruct Universitas' efforts to obtain discovery from BASI. My *only* interest in this matter has been to prevent the disclosure of my privileged, attorney-client communications to Universitas.

Signed, under penalty of perjury, this ___6th___ day of ___September___, 2017

_____
Daniel E. Carpenter